Name: Anthony Charles Murphy 46895
Address: Dushesne Co. Corr. Facility
~~Telephone~~: P.O. Box 10
Dushesne UT 84021-0010

FILED
U.S. DISTRICT COURT
2019 NOV -8  D 1:17
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## Central DIVISION

Anthony Charles Murphy
(Full Name)
PLAINTIFF

vs.

Dushesne County -
Sheriffs Department

DEFENDANTS

~~RECEIVED~~ CLERK
OCT 31 2019
U.S. DISTRICT COURT

**CIVIL RIGHTS COMPLAINT**
(42 U.S.C §1983, §1985)

Case: **2:19-cv-00852**
Assigned To: Jenkins, Bruce S.
Assign. Date: 10/31/2019
Description: **Murphy v. Dushesne County Sheriffs Department**

## A. JURISDICTION

1. Jurisdiction is proper in this court according to:

   a. X  42 U.S.C. §1983
   b. __ 42 U.S.C. §1985
   c. __ Other (Please Specify) _____

2. NAME OF PLAINTIFF Anthony Charles Murphy
   IS A CITIZEN OF THE STATE OF Utah

   PRESENT MAILING ADDRESS: Dushesne Co. Corr. Facility
   P.O. Box 10
   Dushesne UT 84021-0010

Defendants

Dushesne County Sheriffs Department
Atten: Sheriff Travis Tucker
21554 west 9000 south
P.O. Box 985
Dushesne UT 84021-0985

Attorney for Dushesne County is
Steven Foote #8945
Unknown if he will represent the Dushesne
County sheriffs Department.
P.O. Box 206
Dushesne UT 84021
(435) 738-0184

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ___ NO ___. If your answer is "YES" briefly explain.

_____

_____

_____

6. NAME OF FOURTH DEFENDANT_____
   (If applicable)

   IS A CITIZEN OF_____
                    (city and State)

   IS EMPLOYED AS_____ at _____.
               (Position and Title if Any)    (Organization)
   Was the defendant acting under the authority or color of state law at the time these claims occurred?

   YES ___ NO ___. If your answer is "YES" briefly explain.

   _____

   _____

   _____

(Use additional sheets of paper if necessary.)

### B. NATURE OF CASE

1. Why are you bringing this case to court? Please explain the circumstances that led to the problem.

   On July 17, 2019 Sgt. Roberts entered F-block at approx. 08:30 am. He called everyone to the tables. He then gave an announcement concerning food storage. As he was leaving F-block an inmate made

   Cont. on Nature of Case pgs 1-4 →

    c.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

    d.    Issues raised: _____

_____

_____

    e.    When did you file the lawsuit? _____
                                          Date   Month   Year

    f.    When was it (will it be) decided? _____

2.    Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES X / NO ____. If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought. I tried to appeal to the administrative law judge but Lt. Travis Bivens denied me the opportunity. Next I appealed to the Sheriff of Duchesne County but as of this date no reply has been given.

### F. REQUEST FOR RELIEF

1.    I believe that I am entitled to the following relief:

A Jury trial.
$86,750.00 which covers the loss of liberty, the physical pain, the mental anguish, the cost of this suit except Atty fees should the court grant one or one take the case on contingency. The court or Jury can determine Atty Fees.

## Nature of Case
## Continued (1)

the comment "is this why you called us to the tables." Sgt Roberts lost his temper he started yelling "I'm not going to put up with smart ass remarks" "I can call you to the tables any damn time I want." At this point I said "MR Roberts" when I had his attention I said "you do not have to speak to us like that" MR Roberts said "wait" "wait" and I said "sir you need to check yourself." Immediately MR Roberts seemed to lose his anger and became professional. He told everyone to lock down which we all complied. As I was closing my door he said to me "check myself" and I said "and you did." A few minutes later he told me to roll up and I was moved to H-block isolation, lock down. Later he informed me that I was being placed on a non-disciplinary three day lock down. On Saturday July 20, 2019 MR Roberts told me that my lock down time was up and he asked me if I was o.k. going back to F-block. Since I had spent my entire time here at Dushesne Co. in F-block with no problems or issues with anyone I said yes.

(1)

## Nature of Case
## Cont. (2)

However once I returned to F-block I learned that MR. Roberts retalitory actions had changed things and feeling in a certain inmate. Melvin Cody Whipple toward me. Prior to MR. Roberts actions myself and Whipple had been cell mates for almost five months with no issues. MR. Roberts must have known the negative feeling in F-block toward me thats why he asked me if I was ok going back there, or he should have known.

MR. Roberts retalitory shake down of F-block resulted in Whipple losing his job and his D.V.D. privileges. This was the cause of Whipple's hatred toward me and his threats or brags to everyone that he was going to beat me to death, knock me out, kill the piece of shit etc.

After learning of this I stayed away from Whipple and never spoke to him until he engaged me on Thurs, July 25, 2019 and said "I'm gonna kill you" and a fight to defend myself ensued

(2)

## Nature of Case
## Cont. (3)

On 7-29-2019 I recieved a notice of major disciplinary write up. On 08-07-2019 I had a disciplinary hearing. My due process rights guareenteed by the Fifth and Fourteenth Amendments to the U.S. Const. was violated also my Fourteenth Amendment right equal protection of the laws was violated which directly resulted in a Sixth Amendment violation of compulsory process for obtaining witnesses and counsel. Confrontation.

Due Process requires notice, not only of the charges against you but also the elements of the crime. I was not given the elements of the crime until my copy of the decision was given to me after the hearing and after I was locked down in H-block.

Due Process also requires an Impartial Hearing officer. MR. Roberts direct involment in the entire case rendered him partial and biased toward me and he should not have been the hearing officer.

(3)

Nature of Case
Cont. (4)

Due Process also requires that I get to put on a defense, a chance to be heard before the final decision. However MR. Roberts did let me speak but he had already typed up my decision prior to our hearing.

Due Process also requires that my compulsory right be upheld as long as it did not jeopardize the safety and security of the institution. Clearly the Utah Atty Gen. and DR. Hancock did not pose a threat and their testimony was both material and relevant.

MR. Roberts violated my constitutional right to freedom of speech when he took away my liberty for speaking my opinion in a respectfull way and in no way threating.

Because due process was not followed and my consti rights were violated, due process, freedom of speech, compulsory right, equal protection of the laws, right to counsel confrontation is the reason for this lawsuit.

(4)

## Cause of Action
### Count II
### Continued

Sgt. Roberts already had my decision typed up and read me his finding from the sheet prior to the hearing.

### Count IV

Equal protection of the laws violation; The law gives us the right to protect and defend ourselves from harm. MR. Roberts decision was based on one fact and that was that I threw the first punch so I was consenting to mutual combat without giving any consideration to why I threw the first punch. He denied me my defense of self-defense which negated the some evidence standard of proof.

### Count V

Compulsory Right violation; I asked for two witnesses. One being well trained in the law and not just corrections and had vast knowlege and experience in the legal term of self-defense

(1)

# CAUSE OF ACTION
## Counts V
### Cont.

Also he is the state officers legal advisor and would have given relevant and material testimony of when someone is justified in the use of force to defend themselves. My second witness would have explained the automatic brain function "Fight or Flight mode" and how a person cannot control this, it controls them and explain why memory loss is common during a traumatic event. This testimony was material and relevant to the element of mutual combat and it would have negated the some evidence standard of proof. Neither witness posed a security threat to the installation and by due process laws I should have been allowed to have them testify and educate the hearing officer.

## Count VI

Clean Hands Doctrine, a doctrine that originated in equity and that bars a plaintiff from seeking judicial relief regarding a matter in which he or she is not free from guilt and does not have clean hands. Clearly the actions of Sgt. Roberts and the mass punishment they delivered caused the hostilities and was intentional

(2)

Cause of Action Count VI Cont.
And the defendant is not free from guilt.

In the federal system courts of law and courts of equity have been joined. The courts apply both legal and equitable principles and offer both legal and equitable relief. U.S. Constitution Article III. "In law and equity."

Count VII, Denial of medication

Supporting facts: On 8-02-19 I requested refill on meds that I would need on 8-09-2019 after trying to get them on 8-08-19 and 8-09-19 I requested again on monday 8-12-19 through the Kiosk. On 8-13-19 the nurse Jed came to my cell and asked what meds I wanted. I told him. Although they had my meds in their cabinet they reordered my meds and placed them with the others inside cabinet until I got out of lock down and went to medical when they called state meds on 8-28-19. Started back on meds. 8-29-19. So I spent 20 days without my Hydrochlorot 25mg and 81mg aspirin.

Next on 8-29-19 Raymond Merritt P.A. ordered ACM

(3)

## Summary of Case

Sgt. D. Roberts lost his temper and started swearing at the inmates in F-Block on 7-17-19. Inmate Murphy asked him not to talk to us that way and asked him to check himself. Sgt. Roberts took Murphy to lock down and then performed a Retalitary body cavity search and complete cell shake down on each inmate in F-block. Sgt. Roberts gave Murphy 3 days lock down but non punitive. On 7-20-19 Sgt Roberts removed Murphy from lock down and asked him if he was ok to going back to F-Block. Roberts must have known the hard feelings Whipple had toward murphy or he would not have asked murphy the question. Roberts waited till approx. 7:45 am on Wed. 7-24-19 to give Whipple his major write up. This pushed Whipple over the edge and he confronted Murphy on 7-25-19. which resulted in a altercation. Sgt. Roberts was given the task as the I.D.H.O. Inmate Hearing officer at Murphy's hearing on 8-07-219 Roberts had his findings prepaired prior to speaking with Murphy. Murphy requested two witnesses

(1) of 2

(1) Sean Reyes to give testimony concerning when a person is justified in defending themselves. (2) DR. Kyle Hancock testimony would have shown that the automatic brain function the Fight or Flight mode took the decision away from Murphy and that would have negated the "some evidence" standard of proof they used to find me guilty. Sgt. Roberts denied my requests for these witnesses citing it wasn't relevant. Clearly both testimonies were relevant to this particular charge. And neither witness posed a security threat. Sgt. Roberts failed to give me a copy of the investigating officer report or have have there at the hearing so that I could cross-examine her, yet he cited and relied on her report to find me guilty. I was not given meaningful due process if at all. Next they said I could appeal to the admin. law judge, however Lt. Givens denied me that right to a direct appeal. Again denying me due process. Sgt. Roberts gave me 20 days' lock down and a 200.00 fine. The jail failed to give me my medication after several requests and attempts for 20 days.

(2) of 2

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at Dushesne Co. Jail on 9-14 20 19.
            (Location)          (Date)

*[Signature: Harry Charles Myny]*
Signature