FILED US District Court-UT
FEB 24 '21 PM 02:17

Name & Number: *Anthony Charles Murphy #224574*
Attorney Pro Se
Utah State Prison
PO Box 250
Draper, Utah 84020

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| *Anthony Charles Murphy*,<br>Plaintiff,<br><br>vs.<br><br>*Sgt. D. Roberts;*<br>*Lt. Travis Mivens;*<br>*Dushesne County UT;*<br>JOHN DOES 1-10,<br>employees at Utah State Prison, individually,<br><br>Defendants. | Case No. *2:19-CV-00852-JNP*<br><br>AMENDED CIVIL RIGHTS<br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL<br><br>Pursuant to 42 U.S.C. §1983 |

## A. JURISDICTION

1. Plaintiff *Anthony C. Murphy* is a citizen of Utah, who presently resides at the Utah State Prison, P.O. Box 250, Draper, Utah 84020.

2. Defendant *Sgt. D. Roberts* is a citizen of Utah, and is employed as the *Sgt.* at the ~~Utah State Prison~~ *Dushesne Co. Jail* for the ~~Utah Department of Corrections~~ *Dushesne Co.* At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he/she is the *Sgt* at

the ~~Utah State Prison for the Utah~~ Duchesne Co. Jail Department ~~of Corrections~~ and is directly responsible for the wrongful actions alleged herein.

3. Defendant LT. Travis Mivews is a citizen of Utah, and is employed as the Jail Commander at the ~~Utah State Prison for the Utah~~ Duchesne Co Jail ~~Department of Corrections~~. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he/she is the Jail Commander for the ~~Utah Department of Corrections~~ Duchesne Co and is directly responsible for the wrongful actions alleged herein.

4. Other Defendants by name and position, if known: Duchesne County

_____

—

_____

_____

—

5. Defendant John Does 1-10, whose true names are unknown and when true names are ascertained the pleadings will be amended accordingly, are citizens of Utah, and are employed at the ~~Utah State Prison~~ Duchesne Co Jail. At the time the claim(s) alleged in this complaint arose, these defendants were acting under color of state law in that they are employees for the

Utah Department of Corrections and are directly responsible for wrongful actions alleged herein.

6. Jurisdiction is invoked pursuant to 28 U.S.C. §1343 (3); and 42 U.S.C. §1983.

### B. NATURE OF CASE

7. Describe the events you believe violated your rights, including the who/what/when/where of your claims.

On July 17, 2019 Sgt Roberts started cursing at the inmates in F-block. I asked him "Sir you dont have to talk to us like that" He locked down F-block and placed me in isolation lock down During this 3 day lock down he informed me it was not punitive. However he took my liberty away and my ability to have a C-D player. And put a neg. C-note in my file. After 3

See ADD. pages (1-2)

## C. CAUSE OF ACTION

1. I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

   a. (1) Count I: Free Speech violation.

   (2) Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing legal authority or arguments.)
   On 7-17-19 Sgt. Roberts used his authoritive position to place me in isolation lockdown for three (non-disciplinary) days in retaliation to me asking him not to talk to us that way. It was Duchesne Co Corr Facility policy to encourage inmates to talk out their grievances to the officers involved prior to filing formal grievance.

   b. (1) Count II: Failure to protect, equal protection claim.

   (2) Supporting Facts: On 7-20-19 Sgt D. Roberts came to isolation block H and specifically asked Murphy if he was ok to go back to E-block without informing Murphy of inmate Whipples threats against Murphy. Roberts knew Whipple hated Murphy and that he blamed Murphy for the retaliatory shake down resulting in Whipples loss of his DVD player and write up. This was deliberate interference on Roberts part.

   c. (1) Count III: Compulsory Right violation

(2)  Supporting Facts: On 8-07-19 I requested to have two witnesses to testify in my behalf. The first was Sean Reyes and the second was DR. Kyle Hancock. Sean Reyes did not pose a security threat to the installation. He would have give material and relevant testimony on the defense of self defense.
See 400 pages (ADD 3-4)

### D. INJURY

1. How have you been injured by the actions of the defendant(s)?

Beard hair pulled out, bites to hands and arms, elbows scrapped, scratched eyes, bruising of the penis, loss of 23 days and 7 hours of liberty, a $200.00 fine.

### E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action or otherwise relate to the conditions of your imprisonment? YES ☐ / NO ☒. If your answer is "YES," describe each lawsuit. (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)

   a. Parties to previous lawsuit:

      Plaintiff(s): _____

      Defendant(s): _____

   b. Name of court and case or docket number: _____

    c.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

    d.    Issues raised: _____

    e.    When did you file the lawsuit? _____
                                                                 Date   Month   Year

    f.    When was it (will it be) decided? _____

2.    Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES [X] / NO [ ]. If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

I tried to do a direct appeal but the jail commander LT Travis Mivens stopped it. I then tried to get the sheriff of Dushesne Co to look into it but he never responded to my complaints, letters.

### F. REQUEST FOR RELIEF

1.    I believe that I am entitled to the following relief:

A Jury trial,
$86,750.00
~~defendants~~

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at  Utah State Prison  on 02-10-2021  2021.
             (Location)         (Date)

_____
Signature

## B. Nature of Case

On 7-17-2019 Sgt. Roberts entered F-block at approx. 8:30 am. He called everyone to the tables. He then gave an announcement about food storage. As he was leaving an inmate made a comment ("Is this why you called us to the tables") Sgt. Roberts lost his temper and started yelling ("Im not going to put up with smart ass remarks") ("I can call you to the tables any damn time I want") At this point I said "MR. Roberts" when I had his attention, I said "you do not have to speak to us like that" MR. Roberts said "wait wait" and I said "Sir you need to check yourself" Immediately MR. Roberts seemed to lose his anger and became professional. He told everyone to lock down which we all complied. As I was closing my cell door MR. Roberts said to me "check myself" and I said "you did" A few minutes later he told me to roll up and I was moved to H-block lock down. Later he informed me that I was being placed on a non-disciplinary three day lock down. On Sat. 7-20-2019 MR. Roberts told me my time was up and he specificly asked me if I was O.k going back

(ADD 1)

B. Nature of Case Continued.

to F block. Since I had spent my entire stay here in F block with no issues I said yes. However do to my isolation lock down I was unaware of whipples threats but the rest of the state inmate blocks D-E-F-M. knew of them and so did Roberts and the other guards. On July 25, 2019 whipple engaged me by saying he was going to kill me. And a fight ensued.

On 7-29-2019 I recieved notice of a major disciplinary write up. On 8-07-2019 I had my Hearing.

Because Mr. Roberts violated my fundamental right of free speech and my due process rights and compulsary and confrontation right also my equal protection rights, Also Mr Givens violated my equal protection rights and Due Process rights. These are the reasons I Am bringing this law suit.

(ADD 2)

## Cause of Action
### Continued

MR. Reyes is well trained in the law and is the state officers legal advisor. His testimony was crucial to my (self defense) defense.

My second witness was DR. Hancock a respected psychologist that the Utah courts have used several times. His testimony on the Automatic Brain Function the "Fight or Flight mode would have shown beyond doubt that once Murphy's life was threated his Fight or flight mode kicked in taking all decisions and actions out of his control. This testimony was material and relevant to Murphy's defense and he was denied his constitutional right to have them there.

## Cause of Action.

D. Count IV Confrontation Violation.

Supporting facts: On 8-7-19 MR. Roberts failed to have either the investigating officer or her report at the hearing and failed to give me the opportunity to cross examine the witness or remark on her report. MR. Roberts relied solely on the video of the fight.

(ADD 3)

Cause of Action
Continued.

E. Count V: Due Process Violation.

Supporting facts: LT. Travis Mivens failed to adhere to the Duchesne County Due Process policy and procedure involving Major Disciplinary Write Ups. Due Process requires that the Hearing officer be impartial. The record is clear that MR. Roberts Actions rendered him impartial and bias toward Murphy. The three day isolation lock down, the strip searches of all inmates in F-block, the entire cell searches of F-block, the resulting actions against inmate Whipple all lead to cause Whipple and Murphy's fight. The intentional denial of Roberts to allow Murphy to put on a defense by calling witnesses and being able to read the investigators reports shows clear and consise impartiality and bias. MR. Mivens was well aware of all the events that occurred leading up to the altercation.

F. Count VI Denial of Right to Appeal to Admin. Law Judge

Supporting facts: LT. Travis Mivens denied me my right to a direct appeal citing a Duchesne Co. policy but not adhering to the facts of this particular case.

(APP 4)

Courts Jurisdiction.

This court has Jurisdiction over the Constitutional Right Violations which are Fundemental Rights. In this 42 U.S.C 1983 complaint because the plaintiff is a citizen of Utah and he resides at the moment in Salt Lake County UT.

The Plaintiff is entitled to relief because of the Fundemental Rights Violations, the Due Process violations and the monetary fines and unlawfull isolation detention and the physical injuries done to the plaintiff due to defendants deliberate indifference to Murphy's safety.

Relief is Sought in monatary relief in the amount of $86,750.00