Michael W. Homer (#1535)
Jesse C. Trentadue (#4961)
*SUITTER AXLAND, PLLC*
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
mhomer@sautah.com
jesse32@sautah.com

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| Anthony Charles Murphy,<br><br>Plaintiff,<br><br>vs.<br><br>Sgt. D. Roberts, Lt. Travis Givens, and Duchesne County, Utah,<br><br>Defendants. | **DEFENDANTS' ANSWER TO AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00852-JNP<br>Judge Jill N. Parris<br><br>**JURY TRIAL REQUESTED** |

Defendants Sergeant Daniel Roberts, Lieutenant Travis Givens, and Duchesne

County, Utah (collectively "Defendants") hereby *Answer* Plaintiff's *Amended*

*Complaint*[1].  However, unless hereinafter specifically admitted, the allegations contained

in that *Amended Complaint* are denied.

---

[1] Dkt. 15.

**A.**

**<u>RESPONSE TO JURISDICTION</u>**

1.     Defendants admit that Plaintiff resides at the Utah State Prison.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph of the *Amended Complaint* and therefore deny the same.  To the extent this paragraph alleges wrongdoing by Defendants, such allegations are denied.

2.     Defendants admit that Sergeant Daniel Roberts is a citizen of the State of Utah and is an employee of the Duchesne County Sheriff's Office and was acting in his official capacity during all relevant times.  To the extent the remaining allegations in this paragraph allege wrongdoing by Defendants, such allegations are denied.

3.     Defendants admit that Lieutenant Travis Givens is a citizen of the State of Utah and was an employee of the Duchesne County Sheriff's Office, that he was the commander of the Duchesne County Jail, and that he was acting in his official capacity during all relevant times.  To the extent the remaining allegations in this paragraph allege wrongdoing by Defendants, such allegations are denied.

4.     Paragraph 4 contains no allegations.  The Honorable Jill N. Parrish dismissed Duchesne County as a defendant on August 12, 2021,[2] and therefore no response is required.  To the extent that an answer is required, Defendants admit that Duchesne County was a party included in Plaintiff's original *Complaint*.

5.     Defendants are without sufficient information to admit or deny the

---

[2] *See Memorandum Decision and Order*, Dkt. 17 at page 2.

allegations in this paragraph of the *Amended Complaint* and, therefore, deny the same.

To the extent this paragraph alleges wrongdoing by Defendants, such allegations are

denied.

6. As to the allegations in Paragraph 6, Defendants respond that this paragraph

calls for a legal conclusion. Nevertheless, Defendants admit that Plaintiff has alleged

jurisdiction under 28 U.S.C. §1343(3) and 42 U.S.C. §1983.

**B.**

**RESPONSE TO NATURE OF THE CASE**

7. Denied. Plaintiff is currently incarcerated at the Utah State Prison serving

sentences for felony convictions involving aggravated sexual assault, aggravated

kidnapping and forcible sex abuse. Previously, Plaintiff had been incarcerated in the

Duchesne County Jail. While a prisoner at the Jail, Plaintiff would not obey lawful

orders from the correctional staff and, in fact, became confrontational with an officer. As

a consequence, Plaintiff was placed in a three-day lockdown. Also, while incarcerated at

the Duchene County Jail, Plaintiff physically assaulted another inmate. As a

consequence of that assault, Plaintiff was charged by the Duchesne County Sheriff's

Office with fighting. With respect to that charge, Plaintiff received notice and a hearing

after which he was found guilty and sanctioned with 20 days punitive isolation and fined

$200.00. In addition, that assault resulted in Plaintiff being charged by the State of Utah

with felony assault under U.C.A. §76-5-102.5. Plaintiff was subsequently convicted of

the assault charge but did not appeal that conviction.

3

## C.

### RESPONSE FIRST CAUSE OF ACTION
Count I Free Speech Violation

       1a.     Denied.

### RESPONSE SECOND CAUSE OF ACTION
Count II Failure to Protect, Equal Protection Claim

    1b.   Denied.

### RESPONSE TO THIRD CAUSE OF ACTION
Count III Compulsory Right Violation

    1c.   Denied.

## D.
### RESPONSE TO ALLEGATIONS ABOUT INJURY

1.  Denied.  The physical injuries about which Plaintiff complains were incurred by him during a fight with another inmate.  The loss of liberty and $200.00 fine were the sanctions imposed upon him as a result of being found guilty of assaulting another inmate.

## E.

### RESPONSE TO ALLEGATIONS ABOUT LAWSUITS
### AND/OR ADMINISTRATVE RELIEF

1.      Plaintiff was charged by the State of Utah with felony assault in *State of Utah v. Anthony Charles Murphy*, Eighth Judicial Court Case No. 191800219.  He was convicted of that offense but did not appeal.

2.      Plaintiff started but did not exhaust his administrative remedies.

**F.**

**RESPONSE TO REQUEST FOR RELIEF**

1. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's *Amended Complaint* fails to state, either in whole or in part, a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or otherwise limited by the *Governmental Immunity Act of Utah, Utah Code Ann.* §§ 63G-7-101 *et seq.* (2019), including but not limited to *Utah Code Ann.* §§ 63G-7-201, 63G-7-202, 63G-7-301, 63G-7-401, 63G-7-402, 63G-7-501, 63G-7-601, 63G-7-603, 63G-7-604 and 63G-7-702 (2019). Plaintiff's claims are also barred for failure to strictly comply with the *Notice* requirements of the *Governmental Immunity Act of Utah* contained in §§ 63G-7-401 and 63G-7-402(2019).

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he failed to plead his claims and damages with particularity as required by *Federal Rule of Civil Procedure* 9.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, either in whole, or in part, by the doctrines of sovereign immunity, governmental immunity, qualified immunity, judicial immunity, quasi-judicial immunity, res judicata and/or collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of subject matter jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to exhaust his administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or failure to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Doctrine of In Pari Delicto* and the *Doctrine of Assumption of Risk* insofar as his alleged injuries were contributed to or caused by his own actions, omissions or wrongful conduct.

## NINTH AFFIRMATIVE DEFENSE

Defendants were not the proximate cause of any injury to Plaintiff, and neither were they deliberately indifferent to his civil rights.

## TENTH  AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses which are discovered during the course of discovery in this matter.

## JURY DEMAND

Defendants demand trial by jury.

## PRAYER

Wherefore, Defendants pray for judgment as follows: that Plaintiff's *Amended Complaint* be dismissed with prejudice and that he take nothing thereby; that Defendants

be awarded their costs of suit, including reasonable attorney's fees; and that Defendants

have such other and further relief as the Court finds just and merited under the

circumstances.

DATED this 8th day of November, 2021.

SUITTER AXLAND, PLLC

/s/ jesse c. trentadue
Michael W. Homer
Jesse C. Trentadue
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2021, I electronically filed the

**ANSWER TO AMENDED COMPLAINT** with the Clerk of the Court using the

CM/ECF System, which automatically notified individual(s) who are registered with the

U.S. District Court CM/ECF System, including the Prisoner Litigation Unit. I also served

a copy of this **ANSWER TO AMENDED COMPLAINT**, via United States Mail,

postage prepaid, upon the following party:

Anthony Charles Murphy
Utah State Prison
Inmate No. 224574
P.O. Box 250
Draper, Utah 84020
*Pro Se Plaintiff*

                      /s/ jesse c. trentadue