Michael W. Homer (#1535)
Jesse C. Trentadue (#4961)
***SUITTER AXLAND, PLLC***
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
mhomer@sautah.com
jesse32@sautah.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ANTHONY CHARLES MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>STG. D. ROBERTS; LT. TRAVIS GIVENS,<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINITFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:19-cv-00852-JNP<br><br>Judge Jill N. Parris |

Defendants Sergeant Daniel Roberts, Lieutenant Travis Givens, and Duchesne County, Utah (collectively "Defendants") hereby respond to Plaintiff Anthony Charles Murphy's *Motion for Default Judgment*.[1]

**<u>INTRODUCTION</u>**

Murphy is currently incarcerated at the Utah State Prison serving sentences for

---

[1] Dkt. 21.  Plaintiff named Duchesne County as a Defendant in his *Amended Complaint* even though the Court had previously dismissed the County.  *See Memorandum Decision and Order*, Dkt. 17 at page 2. Dkt.

felony convictions involving aggravated sexual assault, aggravated kidnapping, and forcible sex abuse. Previously, Murphy had been incarcerated in the Duchesne County Jail. While a prisoner at the Jail, Murphy would not obey lawful orders from the correctional staff and, in fact, became confrontational with an officer. As a consequence, Murphy was placed in a three-day lockdown. Also, while incarcerated at the Duchene County Jail, Murphy physically assaulted another inmate who fought back injuring Murphy. In his *Amended Complaint*, Murphy alleges that those injuries were inflicted upon him by the Jail staff. However, that assault and the resulting fight between Murphy and the other inmate was recorded by the Jail's security camera.

As a consequence of that assault, Murphy was charged by the Duchesne County Sheriff's Office with fighting. With respect to that charge, Murphy received notice and a hearing after which he was found guilty and sanctioned with 20 days punitive isolation and fined $200.00. In addition, that assault resulted in Murphy being charged by the State of Utah with felony assault under U.C.A. §76-5-102.5. Murphy was subsequently convicted of the assault charge but did not appeal that conviction.

## **STANDARD OF REVIEW**

Murphy is proceeding *pro se,* which means that his pleadings and other court filings ae held to less stringent standards.[2] However, that does not allow *pro se* litigants such as Murphy to run roughshod over the rules of procedure or the rights of opposing

---

[2] *See Gillihan v. Shillinger et. al*., 872 F.2d 935, 938(10th Cir. 1989)(construing pro se pleadings liberally and holding their pleadings to less stringent standards).

2

parties. Thus, while courts do liberally construe pleadings file by a *pro se* litigant, a litigant's *pro se* status does not excuse his or her obligation to comply with the fundamental requirements of the *Federal Rules of Civil Procedure*.[3]

## FACTS

On August 8, 2021, the Court entered what was essentially a *Scheduling Order* requiring, among other things, that Defendants answer Murphy's *Complaint* within 60 days of their waiver of service.[4] Defendants filed their executed *Waiver of Service* on September 13, 2021, which made their Answer to Murphy's *Amended Complaint* due November 9, 2021.[5] Defendants timely filed their *Answer* to the *Amended Complaint* on November 8, 2021.[6]

## MURPHY'S MOTION FOR DEFAULT JUDGMENT IS FRIVOLOUS AND SHOULD BE DENIED

There is no basis for the Court to even consider much less grant Murphy's *Motion for Default Judgment* because Defendants did timely answer the *Amended Complaint*. And default is only authorized "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[7] There is, therefore, no factual or legal basis for the Court to enter a default judgment. Furthermore, Defendants are not aware of any case, federal or state, in which a default was entered after the

---

[3] *See Ogden v. San Juan county, et. al.*, 32 F.3d 452, 455 (10th Cir. 1994).
[4] *See Memorandum Decision* Dkt. 17, ¶¶4(a)i and (c)(i).
[5] *See* Dkt. 18.
[6] *See* Dkt. 20.
[7] *Federal Rule of Civil Procedure* 55.

defendant had filed an *Answer*.[8] More importantly, Defendants submit that what the Court is seeing from Murphy with the *Motion* at bar will, if unchecked, be the first of many frivolous filings of record by him in this case.

## **CONCLUISON**

For the reasons stated above, Murphy's *Motion for Default Judgment* should be denied. In addition, Defendants respectfully submit that the Court should caution Murphy about the possibility of sanctions if he makes other such frivolous filings of record in this case.

DATED this 1st day of December, 2021.

                                          SUITTER AXLAND, PLLC

                                          /s/ jesse c. trentadue
                                          Michael W. Homer
                                          Jesse C. Trentadue
                                          *Attorneys for Defendants*

---

[8] *But see Esurance Insurance Company v. Hamm,* 387 F.Supp.3d 1134, 1137 (D. Or., 2019)(denying default when defendant filed an *Answer* on the same day as the *Motion for Default*).

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of December, 2021, I electronically filed the foregoing **RESPONSE** with the Clerk of the Court using the CM/ECF system, and mailed a copy, postage prepaid, to the following party:

Anthony Charles Murphy
Utah State Prison
Inmate No. 224574
P.O. Box 250
Draper, Utah 84020
*Pro Se Plaintiff*

    /s/ jesse c. trentadue